JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
PETER K. BAE (State Bar No. 329158)
  peterbae@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
THE KROGER CO.

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDRA WALKER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER CO., a foreign corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Francisco, No. CGC-21-596857]<br><br>Compl. Filed:         November 30, 2021<br>Action Removed:   January 13, 2022 |

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS**:

**PLEASE TAKE NOTICE** that Defendant The Kroger Company (Kroger) hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. Kroger is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

### State Court Action

1. On November 30, 2021, Plaintiff Sandra Walker, purportedly acting on her own behalf, and/or on behalf of all others similarly situated, commenced an action in the Superior Court of the State of California in and for the County of San Francisco, captioned *Walker v. The Kroger Co.*, Case No. CGC-21-596857 (the State Court Action). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the Complaint).

2. Ms. Walker alleges that the labels on Kroger's private-label ground coffee products are misleading because, when following certain of the brewing instructions, the products allegedly do not produce the estimated number of cups of coffee stated on the label. (Ex. A ¶ 13.) Ms. Walker contends that based on her repeated purchase of a single Kroger private-label ground coffee product, she is entitled to bring claims on behalf of a putative class for all of Kroger's private-label ground coffee products sold in California. (*Id.* ¶¶ 3, 19, 42.) Ms. Walker seeks restitution and injunctive relief. (Ex. A ¶¶ 58–59, 69.) This lawsuit mimics another putative class action previously filed by a different plaintiff and since dismissed in the U.S. District Court for the Central District of California, including in that Ms. Walker brings claims dismissed by that Court under Federal Rule of Civil Procedure 12(b). *Lorentzen v. The Kroger Co.*, 532 F. Supp. 3d 901, 908–09 (C.D. Cal. 2021). This lawsuit likewise mimics another putative class action filed by Ms. Walker's counsel on behalf of a different named plaintiff, currently pending in the U.S. District Court for the Northern District of Illinois, which was also removed from state court. *Womick v. The Kroger Co.*, Case No. 3:21-cv-00574-NJR (S.D. Ill.).

KROGER'S NOTICE OF REMOVAL — 1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3. On December 17, 2021, Kroger was served with a copy of the Complaint and Summons from the State Court Action by personal service to its authorized agent. A true and correct copy of the Proof of Service of Summons as filed by Ms. Walker in the State Court Action is attached hereto as **Exhibit B**.

4. In addition to the Complaint and Proof of Service of Summons, all other pleadings, processes, and orders served upon or received by Kroger in the State Court Action or found on the docket in the State Court Action are attached hereto.

    a. The Summons is attached hereto as **Exhibit C**;

    b. The Civil Case Cover Sheet is attached hereto as **Exhibit D**; and

    c. The Notice to Plaintiff is attached hereto as **Exhibit E**.

5. The State Court Action is removable to this Court because the Court has original jurisdiction and the Northern District of California encompasses the location in which the State Court Action is currently pending (i.e., San Francisco, California). *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

**The Action Is Removable Under the Class Action Fairness Act, 28 U.S.C. § 1332(d)**

6. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance . . . ." 28 U.S.C. § 1711, stat. note, subd. (b)(2).

7. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. §§ 1332(d). As explained below, each of these requirements is satisfied in this case.

### *The Minimal Diversity Requirement Is Satisfied*

9. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ." 28 U.S.C. § 1332(d)(2)(A).

10. Ms. Walker is a citizen and resident of California. (Ex. A ¶¶ 1, 3.) The putative classes Ms. Walker seeks to represent comprise California citizens. (*Id.* ¶¶ 3-4.)

11. Kroger is a corporation that was incorporated in Ohio and has its principal place of business in Cincinnati, Ohio. A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, Kroger is a citizen of Ohio for determining minimal diversity.

12. Therefore, there is sufficient (and minimal) diversity of citizenship between the relevant parties in this case.

### *Plaintiff's Proposed Class Exceeds 100 Members*

13. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ."

14. For a class action to be removable under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

15. Ms. Walker seeks to represent a class composed of "[a]ll citizens of the State of California who purchased one or more of the Class Products ('Class Products' are defined as Kroger-brand ground coffee in canisters that show the number of cups that it represents can be made from the canister's contents) in California during the Class Period ('Class Period' is defined as that period within the statute of limitations for this action and extending until a Class is certified herein)." (Ex. A ¶ 3.) Ms. Walker also seeks to represent a subclass composed of "[a]ll citizens of the State of California who purchased for personal, family, or household purposes, one or more of the Class Products in California during the Class Period." (*Id.* ¶ 4.) According to Plaintiffs' definitions, more than 100 persons purchased the "Class Products" during the "Class Period."

16. . Walker alleges in her Complaint that the "members of the Class are so numerous that it is impractical to bring all members of the Class before the Court . . . ." (Ex. A ¶ 7.c.)

17. The members of Ms. Walker's proposed classes exceed 100.

### *The Amount in Controversy Exceeds $5 Million*

18. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

19. For purposes of removal only, and without conceding that Ms. Walker or the putative classes are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional the amount in controversy minimum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "that the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (alterations and quotations omitted).

20. The Complaint seeks "disgorgement" and "full restitution of all monies" Kroger "obtained from Plaintiff and the Class" based on the conduct alleged in the Complaint, which includes sales of Kroger private-label ground coffee products sold in California over the past four years. (Ex. A at pp. 17, 19.) Without conceding that Ms. Walker's alleged measure of damages would be the proper measure of relief for any of her claims, or that she or any putative plaintiff are entitled to any relief, Kroger alleges that its revenues for private-label Kroger ground coffee products that plausibly fall within the scope of the Complaint, sold in California over the past four years exceeds $3 million. (*See id.* ¶¶ 3-4.)

21. The Complaint further seeks an order "enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint." (Ex. A ¶ 58.) The cost of complying with the requested injunction may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

22. The Complaint also seeks attorneys' fees. (Ex. A at p. 19.) In class action cases involving (1) the same California consumer protection statute causes of action, (2) similar allegations of false or misleading statements on product labels, and (3) similar complexity of issues and labeling claims, attorneys have sought in excess of $2 million in attorneys' fees. *See, e.g.*, *Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880 (N.D. Cal. Feb. 17, 2016) (UCL and CLRA mislabeling class action; seeking approval in excess of $3 million in fees); *Hendricks v. Starkist Co*, 2016 WL 5462423 (N.D. Cal. Sep. 29, 2016) (same); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million). These amounts should also be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).

23. In sum, based on Ms. Walker's pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

***Exceptions to Jurisdiction Do Not Apply***

24. The complete diversity between Ms. Walker and Kroger not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and

5
KROGER'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exemptions for which Ms. Walker would bear the burden of proof in any event.

### This Action Is Also Removable Based on Diversity, 28 U.S.C. § 1332(a)

25. For the same reasons stated above, the Court has original jurisdiction of this action because Ms. Walker's claims alone exceed the $75,000 threshold for individual actions. *See* 28 U.S.C. § 1332(a).

26. As explained above, Ms. Walker and Kroger are citizens of different states.

27. Ms. Walker's individual claims also exceed $75,000 based on her individual requests for monetary restitution, injunctive relief, attorneys' fees, and other relief. For instance, Ms. Walker seeks "[a]n order enjoining Defendants from continuing to engage in the practices complained of herein . . . ." (Ex. A at p. 19.) The cost to Kroger to change the packaging of its existing stock of products throughout the State of California and of new products to be sold would exceed $75,000.

### Kroger Satisfies the Requirements of 28 U.S.C. § 1446

28. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. This Notice of Removal has been filed within thirty days of service of the Complaint and Summons on Kroger.

30. Concurrently with the filing of this Notice, Kroger will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of San Francisco. *See* 28 U.S.C. § 1446(d).

31. Kroger does not waive and expressly preserves all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

6
KROGER'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

WHEREFORE, Kroger removes the State Court Action to this Court.

DATED: January 13, 2022

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
HEATHER F. CANNER
PETER K. BAE

By: /s/ Jacob M. Harper
    Jacob M. Harper

Attorneys for Defendant
THE KROGER CO.

7

KROGER'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On January 13, 2022, I served true copies of the following document(s) described as: **DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Mike Arias
Alfredo Torrijos
Robert M. Partain
Arias Sanguinetti Wang & Torrijos LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Tel: 310.844.9696
Email: mike@aswtlawyers.com;
alfredo@aswtlawyers.com;
robert@aswtlawyers.com

Mark C. Goldenberg
Thomas P. Rosenfeld
Kevin P. Green
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL 62025
Tel: 618.656.5150
Email: mark@ghalaw.com;
tom@ghalaw.com; kevin@ghalaw.com

Richard S. Cornfeld
Daniel S. Levy
Law Office of Richard S. Cornfeld, LLC
1010 Market Street, Suite 1645
St. Louis, MO 63101
Tel: 314.241.5799
Email: rconfeld@cornfeldlegal.com;
dlevy@cornfeldlegal.com

*Attorneys for Plaintiffs*

☒ **U.S. MAIL:** I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

///

///

///

///

CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| ☒ | **ELECTRONIC SUBMISSION:** | on all the appearing and/or interested parties in this action via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document(s).  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. |

Executed on January 13, 2022, at Los Angeles, California.

| | | |
|---|---|---|
| ☒ | Federal | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |

Monica Davis
Print Name

_[Signature]_
Signature

CERTIFICATE OF SERVICE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899