# EXHIBIT A

Mike Arias (CSB #115385)
Alfredo Torrijos (CSB #222458)
Robert M. Partain (CSB #221477)
**ARIAS SANGUINETTI WANG & TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone:  (310) 844-9696
Facsimile:  (310) 861-0168
mike@aswtlawyers.com
alfredo@aswtlawyers.com
robert@aswtlawyers.com

Richard S. Cornfeld, (Mo. Bar No. 0519391)*
Daniel S. Levy, (Mo. Bar No. 6315524)*
**LAW OFFICE OF RICHARD S. CORNFELD, LLC**
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Telephone:  (314) 241-5799
Facsimile:  (314) 241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

Mark C. Goldenberg, (Ill. Bar No. 0990221)*
Thomas P. Rosenfeld (Ill. Bar No. 06301406)*
Kevin P. Green (Ill. Bar No. 06299905)*
**GOLDENBERG HELLER & ANTOGNOLI, P.C.**
2227 South State Route 157
Edwardsville, Illinois 62025
Telephone: (618) 656-5150
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

*Pro Hac Forthcoming*

Attorneys for Plaintiffs

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**11/30/2021**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

**CGC-21-596857**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SANDRA WALKER, an individual, on behalf of herself and all others similarly situated; | Case No. |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **COMPLAINT** |
| THE KROGER CO., a foreign corporation; and DOES 1 through 100, inclusive, | 1.  **UNFAIR COMPETITION [Bus. & Prof. Code § 17200, *et seq.*]** |
| Defendants. | 2.  **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT [Cal. Civ. Code §1750 *et seq.*]** |
| | **DEMAND FOR JURY TRIAL** |

*(left margin, vertical)* **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to Code of Civ. Proc. § 410.10 because Plaintiff SANDRA WALKER is and was a resident of the State of California during the relevant time period and because Plaintiff SANDRA WALKER purchased Kroger-branded ground coffee from Defendant THE KROGER CO., and DOES 1 through 100 (collectively "Defendants"), from a Kroger-owned supermarket in the State of California. Further, Defendants are qualified to do business in California and regularly conduct business in California.

2.     Venue is proper in this judicial district pursuant to Code of Civ. Proc. §395(a) because Defendants, and each of them, do not reside in California and because Defendants' unlawful business practices occurred in significant part in the County of San Francisco.

## PLAINTIFF

3.     Plaintiff SANDRA WALKER is a citizen of the State of California, County of San Francisco.  During the Class Period, as defined below, she regularly shopped at the Kroger store commonly referred to as Foods Co., located at 345 Williams Avenue, San Francisco, California 94124, and bought Class Products.  Plaintiff brings this class action individually and on behalf of a Class of similarly situated individuals defined as follows:

> All citizens of the State of California who purchased one or more of the Class Products ("Class Products" are defined as Kroger-brand ground coffee in canisters that show the number of cups that it represents can be made from the canister's contents) in California during the Class Period ("Class Period" is defined as that period within the statute of limitations for this action and extending until a Class is certified herein).

4.     Plaintiff also seeks to represent a subclass (the "Consumer Subclass") defined as follows:

> All citizens of the State of California who purchased for personal, family, or household purposes, one or more of the Class Products in California during the Class Period.

**COMPLAINT**

1         5.      At all relevant times herein mentioned, Plaintiff SANDRA WALKER was a

2   member of the class identified in paragraph 3, above, and the subclass identified in paragraph

3   4, above.

4                       **CLASS ALLEGATIONS**

5         6.      The persons who comprise the Class are so numerous that joinder with all such

6   persons is impracticable and the disposition of Plaintiff's claims will benefit the parties and

7   the Court.  The claims of Plaintiff are typical of the claims of the Class.  Plaintiffs will fairly

8   and adequately protect the interests of the Class.  Plaintiff does not have any interests that

9   are antagonistic to the Class.  Counsel for Plaintiff are experienced, qualified, and generally

10  able to conduct complex class action litigation.

11        7.      This Court should permit this action to be maintained as a class action pursuant

12  to *Code of Civ. Proc.* § 382 for the following reasons:

13            a.      The questions of law and fact common to the Class predominate over

14  any question affecting only individual members;

15            b.      A class action is superior to any other available method for the fair and

16  efficient adjudication of the claims of the members of the Class;

17            c.      The members of the Class are so numerous that it is impractical to bring

18  all members of the Class before the Court;

19            d.      Plaintiff and the other members of the Class will not be able to obtain

20  effective and economic legal redress unless the action is maintained as a class action;

21            e.      There is a community of interest in obtaining appropriate legal and

22  equitable relief for the common law and statutory violations and other improprieties alleged

23  herein, as well as in obtaining adequate compensation for the damages and injuries for which

24  Defendants are responsible in an amount sufficient to adequately compensate the members

25  of the Class for the injuries sustained;

26            f.      Without class certification, the prosecution of separate actions by

27  individual members of the Class would create a substantial risk of the following:

28                  i.      Inconsistent or varying adjudications with respect to individual

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

members of the Class that would establish incompatible standards of conduct for Defendants, and/or

        ii.     Adjudications with respect to the individual members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

        g.     Defendants have acted, or refused to act, on grounds that are generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## DEFENDANTS

8.     Defendant THE KROGER CO. is an Ohio corporation, with its principal place of business at 1014 Vine Street in Cincinnati, Ohio, 45202.  In California, it owns and operates hundreds of supermarkets under the Food 4 Less, Ralph's, and Foods Co. brands, at which it sells products under the Kroger brand, including ground coffee sold in canisters.

9.     The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Defendants Does 1 through 100, inclusive ("Doe Defendants"), are unknown to Plaintiffs who therefore sue these Doe Defendants by such fictitious names pursuant to *Code of Civ. Proc.* § 474.  Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they are ascertained.

10.     Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants named in this complaint, including each of the Doe Defendants, is responsible in some manner for one or more of the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

11.     Plaintiff is informed and believes, and based on that information and belief allege, that each of the Defendants named in this complaint, including each of the Doe Defendants, is, and at all relevant times herein mentioned was, the agent, servant, and/or employee of each of the other Defendants, and that each Defendant was acting within the

course and scope of his, her, or its authority as the agent, servant, and/or employee of each of the other Defendants.  Consequently, each Defendant is jointly and severally liable to Plaintiff and the other members of the Class for the damages sustained as a proximate result of their conduct.

## FACTUAL ALLEGATIONS

12.    This case is based on a claim of misrepresentation and deception by Kroger in selling Kroger-brand ground coffee in canisters that grossly overstate the number of cups of coffee that can be made from their contents.

13.    These canisters each contain a representation that the contents are sufficient to make a certain number of cups.  However, using the directions for making coffee on the canister, the contents are insufficient to make that number of cups.

14.    For example, some of the canisters of Kroger-brand ground coffee state that they will make 235 cups.  These canisters contain directions to make coffee by using one rounded tablespoon of ground coffee for each six fluid ounce cup of coffee.  However, using that method, the canisters' contents will make no more than 173 cups.  As set forth below, following the canisters' alternative direction to make 10 cups of coffee also leaves the consumer significantly short—in this example with only 216 cups.

15.    This is not a "slack-fill" case where the size of the container allegedly makes a consumer think he will receive more product than is actually in the box.  Rather, the class products in this case prominently feature a representation that the consumer will receive a certain quantity that is impossible to obtain when following the product's own preparation instructions.

16.    Plaintiff SANDRA WALKER, who regularly buys Kroger-brand coffee in a canister, has been routinely deceived by these misrepresentations.

17.    Kroger manufactures, packages, advertises, distributes, and sells various types of ground coffee under its own private label brand.

18.   During the Class Period, Kroger manufactured, packaged, advertised, distributed, and sold its Kroger-brand ground coffee in canisters that show the number of cups that it represents can be made from the canister's contents ("Class Products").

19.   The Class Products are sold in various sizes—including 11.5 oz., 24 oz., 25 oz., 29 oz., 30.5 oz.—and various flavors—including Breakfast Blend Mild Roast, 100% Columbian Medium Dark Roast, Decaf Classic Medium Roast, French Roast, Premium Blend Medium Roast, Reduced Caffeine Lite Medium Roast, Select Brand Medium Roast, Special Roast Medium Roast, Supreme Blend Medium Roast.

20.   Kroger represents on the packaging of each of the Class Products that the container includes enough ground coffee to make an approximate number of servings.  For example, as shown in the picture below, taken from Kroger's website, Kroger prominently states on the lower right-hand side of the front of its 30.5 oz. canister of Select Blend Medium Roast ground coffee that the canister's contents "MAKES ABOUT 235 CUPS":[1]



_____

[1] https://www.kroger.com/p/kroger-select-blend-medium-roast-ground-coffee/0001111002335 (accessed 4/7/2021).

**COMPLAINT**

21.     Below are representative images of other Class Products listed above showing similar representations:[2]

  

  

  

---

[2]https://www.kroger.com/search?query=Kroger%20Ground%20Coffee&searchType=previous_searches&fulfillment=all  (accessed 4/7/2021).

1

2

3

4

5

6

7

8

9

 

10     22.     As can be seen, the number of cups that Kroger represents can be made

11 depends on the size of the canisters:

12               a.   The 11.5 oz. (326 g) canisters represent they can make about 90 cups.

13               b.   The 24 oz. (680 g) canisters represent they can make about 185 cups.

14               c.   The 25 oz. (708 g) canisters represent they can make about 195 cups.

15               d.   The 29 oz. (822 g) canisters represent they can make about 225 cups.

16               e.   The 30.5 oz. (864 g) canisters represent they can make about 235 cups.

17     23.     Those representations are false.

18     24.     Brewing instructions on the back of the canisters direct consumers to use one

19 of two methods.  To make one cup, the directions state the consumer is to use one rounded

20 tablespoon of coffee for each 6 fluid ounces of cold water, and to make 10 cups, the consumer

21 is to use a half cup of coffee, as shown below:

22

23

24

25

26

27

28

ARIAS SANGUINETTI WANG & TORRIJOS LLP

**COMPLAINT**



25.     Those instructions, however, will not produce the number of cups of coffee that Kroger represents can be made on the front of the canisters.

26.     One tablespoon of ground coffee typically weighs 5 grams.[3]

27.     One tablespoon of Kroger's coffee weighs 5 grams.

---

[3] https://www.backyardbeans.com/blog/2017/11/1/how-much-coffee-should-i-use#:~:text=If%20you%20don't%20have,you%20use%20to%20brew%20with ; https://www.javapresse.com/blogs/enjoying-coffee/measure-coffee-without-a-scale ; https://www.roastycoffee.com/measure-coffee/  (accessed 4/7/2021).

**COMPLAINT**

ARIAS SANGUINETTI WANG & TORRIJOS LLP

ARIAS SANGUINETTI WANG & TORRIJOS LLP

28.     For example, the pictures below show one level tablespoon of Kroger's 100% Columbian Coffee being weighed on two different scales, showing that it weighs 5 grams (the scales were tared so they only show the weight of the coffee, not the container):

 

29.     Kroger, however, recommends the use of a "rounded tablespoon," which is larger than a tablespoon.  Thus, using Kroger's instruction to use 1 rounded tablespoon of ground coffee per 6 fluid ounce cup of cold water, the 30.5 oz./864 g. canisters will produce no more than, and undoubtedly less than, 172.8 (or approximately 173) cups of coffee, not 235 cups.

30.     The table below shows, for each of the above products, the maximum number of cups Kroger represents can be made using the one-cup method, compared to the actual maximum number that the canister will make using a level tablespoon (5g), along with the difference, meaning the minimum number of cups the consumer paid for but did not receive:

**COMPLAINT**

| Class Product Size | Represented yield | Actual maximum yield[4] | Difference |
|---|---|---|---|
| 11.5 oz. | 90 cups | 65 cups | **25 cups** |
| 24 oz. | 185 cups | 136 cups | **49 cups** |
| 25 oz. | 195 cups | 141 cups | **54 cups** |
| 29 oz. | 225 cups | 164 cups | **61 cups** |
| 30.5 oz. | 235 cups | 173 cups | **62 cups** |

31.    Following the alternative instructions on the canister to make 10 cups of coffee also fails to make the number of cups represented on the canister.  As set forth above, one tablespoon of ground coffee weighs 5 grams.  There are 8 tablespoons in a half cup[5], meaning a half cup of ground coffee weighs 40 grams. Thus, following Kroger's 10 cup instruction to use a half cup of ground coffee, the canisters still produce less than the amount represented on the front of the canister.

32.    The table below shows, for each of the above products while following the 10-cup instruction, the number of cups Kroger represents can be made, compared to the actual number that the canister will make, along with the difference, meaning the number of cups the consumer paid for but didn't receive:

---

[4] Using one tablespoon (not one rounded tablespoon) for each cup, per the labeled directions.

[5] https://www.thecalculatorsite.com/articles/cooking/cups-and-tablespoons.php (accessed 3/25/21).

| Class Product Size | Represented yield | Actual yield | Difference |
|---|---|---|---|
| 11.5 oz. | 90 cups | 81.5 cups | **8.5 cups** |
| 24 oz. | 185 cups | 170 cups | **15 cups** |
| 25 oz. | 195 cups | 177 cups | **18 cups** |
| 29 oz. | 225 cups | 205.5 cups | **19.5 cups** |
| 30.5 oz. | 235 cups | 216 cups | **19 cups** |

33.     Moreover, the Specialty Coffee Association ("SCA") issues a "Golden Cup Standard," which recommends a coffee-to-water ratio of 55 grams per liter, plus or minus 10%.  This equates to 9.75 grams per six oz. ± 10%.  Thus, the SCA recommends approximately 9 to 11 grams (roughly 2 tablespoons) of coffee for every six fluid ounce cup that is brewed.

34.     The two preparation methods on the back of the Class Products each direct consumers to use less than the SCA-recommended amount (nearly half the recommended amount), resulting in a relatively weaker cup of coffee.

35.     Kroger's representations regarding the number of cups its Class Products will make are deceptive because a reasonable consumer like Plaintiff expects that if the Class Products' brewing instructions are followed, the canisters will yield the number of cups of coffee prominently displayed on the packaging.  However, as demonstrated in the tables above, that is not the case.

36.     By placing the representation regarding the number of cups the canister will make in such a prominent position on the packaging of the Class Products, Kroger intended that consumers would rely on it in deciding to purchase the product.

37.     The deceptive nature of Kroger's misrepresentations as set forth herein is especially egregious when considered in the context of other coffees that Kroger sells because not all brands of coffee sold in canisters carried by Kroger contain a representation regarding the number of cups that can be made from the contents, much less a false

ARIAS SANGUINETTI WANG & TORRIJOS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI WANG & TORRIJOS LLP

representation.  For example, Kroger sells Chock full o' Nuts coffee in cans that do not contain such a representation:[6]



38.     Kroger also sells other brands' ground coffee, including Maxwell House, Café Bustelo, and Yuban, in canisters that do not contain representations identifying the number of cups that can be made from their contents:[7]



---

[6] https://www.kroger.com/p/chock-full-o-nuts-original-medium-roast-ground-coffee/0007103800044 (accessed 4/7/2021).

[7] https://www.kroger.com/search?query=ground%20coffe&searchType=default_search&fulfillment=all  (accessed 4/7/2021).

**COMPLAINT**

39.     Kroger also sells Dunkin' ground coffee in canisters that display the number of cups that can be made from the contents without overstating that number.  For example, Dunkin Original Blend in a 30 oz. canister represents that it will make only up to 100 six-fluid oz. cups even though, by using the directions on the canister, one could actually make 113 cups:[8]




"1½ Tablespoons per 6 fl oz of water"

40.     These examples of ground-coffee products that do not misrepresent the number of cups that can be made from their contents demonstrate that there is no legitimate commercial reason why Kroger misrepresents the number of cups that can be made from its coffee products.

41.     Plaintiff SANDRA WALKER has regularly purchased the Class Products during the Class Period, including most recently in 2020 and 2021.

42.     During this time, Plaintiff SANDRA WALKER has purchased the Kroger branded 30.5 oz. 100% Columbian ground coffee canister.

---

[8] https://www.kroger.com/p/dunkin-donuts-original-blend-medium-roast-ground-coffee/0088133401102 (accessed 4/7/2021)

ARIAS SANGUINETTI WANG & TORRIJOS LLP

43.     Prior to making her purchases, Plaintiff was exposed to and read the label for the Class Products, including the representation regarding the number of cups that could be made from the can.  At all times, Plaintiff believed and had a reasonable expectation that the labeling on the Class Products was truthful and accurate.

44.     Plaintiff typically followed the 10-serving instructions on the Class Products when making coffee.

45.     As a direct result of Kroger's misrepresentations of the number of cups that can be made from the Class Products as set forth above, Plaintiff and other members of the Class have been deprived of the benefit of their bargain in purchasing these products because the products had less value than represented.

46.     Consequently, Plaintiff SANDRA WALKER and members of the Class have suffered injury and lost money and property in purchasing the products listed above.

## FIRST CAUSE OF ACTION

## FOR UNFAIR COMPETITION

### [*Business & Professions Code* §§ 17200, *et seq.*]

### (By Plaintiff and the Class Against all Defendants)

47.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 46, inclusive, of this Complaint.

48.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants under California law.

49.     Plaintiff has standing to pursue this cause of action as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as delineated herein.

50.     California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, et seq., defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

ARIAS SANGUINETTI WANG & TORRIJOS LLP

51.     Defendants' scheme, as delineated herein, constitutes unlawful, unfair, or fraudulent business practices in violation of the UCL.

52.     Defendants' business practices, as alleged herein, violate the "unfair" prong of the UCL because: (i) the utility of Defendants' scheme is significantly outweighed by the gravity of the harm the scheme imposes on Plaintiff and the Class; (ii) the injury suffered by Plaintiff and the Class as a result of Defendants' scheme is not one that Plaintiff and the Class could have reasonably avoided; and (iii) Defendants' scheme runs counter to legislatively declared and public policy.

53.     Further, an unfair business practice under the UCL "is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Evenchik v. Avis Rent A Car Sys., LLC*, 2012 WL 4111382, at *8 (S.D. Cal. Sept. 17, 2012) (*quoting McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir.2008) (*quoting People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 530 (1984)).

54.     Defendants' business practices, as alleged herein, violate the "unlawful" prong of the UCL because they constitute a violation of the Consumer Legal Remedies Act.

55.     Defendants' business practices, as alleged herein, violate the "fraudulent" prong of the UCL because they are likely to deceive a reasonable consumer.  Specifically, Defendants have violated the "fraudulent" prong of the UCL by representing to consumers and purchasers of its products that the coffee purchased would make a particular number of cups of coffee following the instructions on the labeling when, in fact, that representation was false.

56.     Accordingly, Defendants violated, and continue to violate the UCL's proscription against engaging in unlawful business acts or practices.

57.     As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff and the Class have suffered injury in fact and lost money or property, in that they paid for containers of coffee which could not possibly make the advertised number of coffee cups on the product labeling.

58.     Pursuant to California Business and Professions Code section 17203, Plaintiff and the Class seek an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint.

59.     Plaintiff and the Class also seek an order requiring Defendants to make full restitution of all monies they wrongfully obtained from Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class pray judgment against Defendants as hereafter set forth.

## **SECOND CAUSE OF ACTION**

## **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

### **[*Civil Code* §§ 1750, *et seq.*]**

### **(By Plaintiff and the Consumer Subclass Against all Defendants)**

60.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 59, inclusive, of this Complaint.

61.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, Civil Code sections 1750, et seq. (the "CLRA") because Defendants' actions and conduct described herein constitute transactions that have resulted in the sale or lease of goods or services to consumers.

62.     Plaintiff brings this claim individually and on behalf of the members of the Consumer Subclass against Defendants under California law.

63.     Plaintiff and each member of the Class are consumers as defined by section 1761(d) of the Civil Code.

64.     The Class Products as sold by Defendants are "goods" as defined in section 1761(a) of the Civil Code.

65.     Defendants' acts or practices violated the CLRA in at least the following respects:

- Violation of section 1770(a)(5), representing that the Class Products have characteristics, uses, and/or benefits that they do not have;

ARIAS SANGUINETTI WANG & TORRIJOS LLP

- Violation of section 1770(a)(7), representing that the Class Products are of a particular standard, quality, or grade when they are of another;

- Violation of section 1770(a)(9), advertising goods with intent not to sell them as advertised; and

- Concealment, omission, and/or suppression of material facts regarding the actual number of coffee cups which may be brewed per container so as to create a likelihood of confusion or misunderstanding.

66.     Defendants' acts or practices violate section 1770(a)(19) because they are unconscionable in that they violate established ethical standards.

67.     Defendants knew, or should have known, that their representations and advertisements were false and misleading.

68.     Plaintiff and the other Class members have suffered damages as a direct and proximate result of Defendants' actions in violation of the CLRA.

69.     Plaintiff, on behalf of herself and for all similarly situated, seeks an order from this Court under section 1780(a)(2) of the Civil Code enjoining Defendants from continuing to engage in the practices set forth in this Complaint and a declaration that Defendants' conduct violates the CLRA.

70.     Plaintiff is not presently seeking compensatory or exemplary damages, pursuant to sections 1780 and 1782(b) of the Civil Code.  Plaintiff, however, will be serving Defendants, in accordance with section 1782(a) of the Civil Code, with notice of Defendants' alleged violations of the CLRA by certified mail, return receipt requested.  If Defendants fail to provide appropriate relief for its violations of the CLRA within 30 days of Plaintiff's notification letter, Plaintiff will seek to amend this complaint to seek compensatory and exemplary damages, pursuant to sections 1780 and 1782(b) of the Civil Code.

71.     Plaintiff incorporates herein and refers to the Declaration of Sandra Walker in support of Plaintiffs' selection of forum for trial of Plaintiffs' claim arising under the California Consumer Legal Remedies Act filed in this matter.  That Declaration satisfies the requirements of Civil Code, § 1780(d).

**COMPLAINT**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment against Defendants, as follows:

1.      An order certifying appropriate classes and/or subclasses, designating Plaintiff as the class representatives and her counsel as class counsel;

2.      An order enjoining Defendants from continuing to engage in the practices complained of herein;

3.      An award of restitution, damages, and disgorgement to Plaintiff and the Class in an amount to be determined at trial;

4.      An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded, as allowed by law;

5.      An award of costs and attorneys' fees, as allowed by law; and

6.      Such other or further relief as may be appropriate.


Dated: November 30, 2021          **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

                                  By:
                                  MIKE ARIAS
                                  ALFREDO TORRIJOS
                                  ROBERT M. PARTAIN

                                  Attorneys for Plaintiff

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiffs and the other members of the Class hereby demand a trial by jury on all claims so triable.

Dated: November 30, 2021          **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By: _____

MIKE ARIAS
ALFREDO TORRIJOS
ROBERT M. PARTAIN

Attorneys for Plaintiff

**COMPLAINT**