Mike Arias (CSB #115385)
Alfredo Torrijos (CSB #222458)
Robert M. Partain (CSB #221477)
**ARIAS SANGUINETTI WANG & TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone:  (310) 844-9696
Facsimile:   (310) 861-0168
mike@aswtlawyers.com
alfredo@aswtlawyers.com
robert@aswtlawyers.com

[Additional Counsel Listed On Signature Page]

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SANDRA WALKER, an individual, on behalf of herself and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>THE KROGER CO., a foreign corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 4:22-cv-00261-JST<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND TO CONTINUE BRIEFING/DECISION ON MOTION TO DISMISS**<br><br>**CLASS ACTION**<br><br>Date:        May 5, 2022<br>Time:       2:00 p.m.<br>Courtroom:   6<br><br>Assigned to the Hon. Jon S. Tigar<br><br>Action Filed:        November 30, 2021<br>Action Removed:   January 13, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 5, 2022 at 2:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 6, 2nd Floor, of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612, before the Honorable Jon S. Tigar, Plaintiff Sandra Walker ("Plaintiff") will and hereby does move for an Order pursuant to 28 U.S.C. §1447(c), remanding this action to the Superior Court for the County of San Francisco on the ground that the District

Court is without jurisdiction over the action pursuant to Defendant The Kroger Co.'s ("Defendant") admission in its Motion to Dismiss as to the lack of subject matter jurisdiction. Pursuant to Local Rule 6-3, Plaintiff also seeks an immediate order to continue the briefing and a decision on the merits as to Defendant's Motion to Dismiss given this Court's lack of jurisdiction to decide said motion.[1]

This Motion is made on the grounds that Defendant has not established that subject matter jurisdiction existed at the time of removal.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the complete records and file in this action, and upon any other such oral or documentary evidence as may be presented prior to or at the hearing of this motion.

Dated: February 28, 2022          **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By: /s/ Robert M. Partain
    MIKE ARIAS
    ALFREDO TORRIJOS
    ROBERT M. PARTAIN

Attorneys for Plaintiff

Richard S. Cornfeld, (*Pro Hac Vice* forthcoming)
Daniel S. Levy, (*Pro Hac Vice* forthcoming)
**LAW OFFICE OF RICHARD S. CORNFELD, LLC**
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Telephone:  (314) 241-5799
Facsimile:  (314) 241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

Mark C. Goldenberg, (*Pro Hac Vice* forthcoming)
Thomas P. Rosenfeld (*Pro Hac Vice* forthcoming)
Kevin P. Green (*Pro Hac Vice* forthcoming)
**GOLDENBERG HELLER & ANTOGNOLI, P.C.**
2227 South State Route 157

---

[1] Plaintiff is filing a separate motion pursuant to Rule 6-3 in the event that this Court is unable to review the substance of this Motion prior to the time Plaintiff's Opposition to the Motion to Dismiss is due.

Edwardsville, Illinois 62025
Telephone: (618) 656-5150
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This case presents the remarkable situation of a defendant invoking the jurisdiction of this Court and then, with no change of circumstances, telling this Court that it has no jurisdiction and should therefore dismiss the case. Defendant The Kroger Co. ("Defendant") removed this case to this Court from the Superior Court of the State of California, County of San Francisco, on the ground that subject-matter jurisdiction exists in this Court but has now moved to dismiss the case under Fed. R. Civ. P. 12(b)(1) on the ground that this Court *lacks* subject-matter jurisdiction. Thus, Defendant's removal was wrongful, it cannot sustain its burden of establishing subject-matter jurisdiction in this Court, and the case should therefore be remanded to state court.

In addition, the Court should continue the briefing, argument and decision on Defendant's pending motion to dismiss until it decides whether this case should be remanded.

## II.   STATEMENT OF FACTS

### A.   Plaintiff's Complaint

On November 30, 2021, Plaintiff filed her Complaint in the Superior Court for the State of California for County of San Francisco. Complaint, ECF No. 1-1.

### B.   Defendant's removal and certification of subject-matter jurisdiction

On January 13, 2022, Defendant removed the case to this Court under the Class Action Fairness Act ("CAFA"), invoking the Court's jurisdiction. Notice of Removal, ECF No. 1. In its Notice of Removal Defendant certified the existence of subject-matter jurisdiction in this Court. *See id.* at 2, ¶ 5 ("This State Court Action is removable to this Court because the Court has original jurisdiction …."); 2, ¶ 6 ("This Court has original jurisdiction …."); 6, ¶ 25 ("[T]he Court has original jurisdiction of this action …").

### C.   Defendant's disavowal of this Court's subject-matter jurisdiction by moving to dismiss on grounds of lack of subject-matter jurisdiction.

Despite having certified in its Notice of Removal that this Court has subject-matter jurisdiction over this case, on February 24, 2022, Defendant moved to dismiss under Rule 12(b)(1) which allows a party to move to dismiss for "lack of subject-matter jurisdiction." Defendant's

Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 18 ("Defendant's Motion"). In its motion, Defendant asserted the following:

- Plaintiff "lacks Article III standing, for multiple reasons ...." Defendant Motion at 3.
- Plaintiff "lacks Article III standing on multiple grounds ...." *Id.* at 8
- "Ms. Walker's pleadings therefore do not establish the requisite Article III injury for standing." *Id.* at 10.

### III. ARGUMENT

#### A. This Court must remand this case because Defendant's removal was wrongful.

The burden of establishing removal jurisdiction rests with the removing defendant. That is as true under CAFA as in any other case. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006), ("We therefore hold that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."). The same principle applies to Article III standing, which is an element of subject-matter jurisdiction. After listing the elements of standing under Article III's requirement that federal jurisdiction applies to "Cases" and "Controversies," the Supreme Court ruled, "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because Defendant is the party invoking federal jurisdiction, it bears that burden.

Thus, Plaintiff need not take a position on whether federal jurisdiction exists or whether there is Article III standing. If the defendant has not sustained its burden of establishing the Court's jurisdiction, the case must be remanded. *See Morin v. Peoples Mortg. Co.*, 2012 U.S. Dist. LEXIS 8257, at *5 (D. Ariz. Jan. 25, 2012) ("Trustee Corps therefore has not sustained its burden to show diversity jurisdiction and the case will be remanded."). As Wright & Miller state, "It is not the burden of the party moving for remand to state court, typically the plaintiff, to show that the requirements for removal have not been met." Remand—Subject-Matter Jurisdiction Grounds, 14C Fed. Prac. & Proc. Juris. § 3739.1 (Rev. 4th ed.).

The remedy for removal where federal jurisdiction does not exist is remand. Quoting 28 U.S.C. § 1447(c), the Ninth Circuit has ruled that, "[i]n an ordinary removal case, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

*shall* be remanded.'" *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (emphasis added by court).

The requirement to remand is mandatory. "[T]he district court generally must remand the case to state court, rather than dismiss it." *Id.* at 1196 (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter." *Id.* "State courts are not bound by the constraints of Article III." *Id.* (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)). *See Mendoza v. Pac. Theatres Ent. Corp.,* 2019 U.S. Dist. LEXIS 213798, at *8 (C.D. Cal. Dec. 10, 2019) ("Given that Plaintiff lacks Article III standing, this case must be remanded to state court."). This principle applies to CAFA cases:

> The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under [28 U.S.C.] § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case. § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under [CAFA], except ... section 1447(d)....

*Polo*, 833 F.3d at 1196.

But here, Defendant wrongfully removed this case because, after certifying the existence of subject matter jurisdiction to achieve removal – and, with no change in circumstances – it expressly disavowed subject-matter jurisdiction in hopes of obtaining a dismissal under Rule 12(b)(1). Put another way, Defendant's removal is essentially void ab initio because the representations made in its removal papers are now blatantly contradicted by the assertions Defendant presently makes in its pending Motion to Dismiss. Not only can it not sustain its burden of showing that Article III standing exists sufficient to invoke this Court's jurisdiction, it expressly *denies* that position.

In similar cases, federal courts have not only ruled against defendants who did what Defendant did here and remanded the cases, they strongly criticized the defendants for "[trying] to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice …." *Ayala v. Sixt Rent a Car, LLC*, 2019 U.S. Dist. LEXIS 112879, at *5 (C.D. Cal. July 8, 2019) (quoting *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016)). In both *Ayala* and *Mocek*, the defendants filed motions

**MOTION TO REMAND AND TO CONTINUE BRIEFING/DECISION ON MOTION TO DISMISS (Case No. 4:22-cv-00261-JST)**

to dismiss post-removal, arguing, as Defendant does here, that the plaintiffs' claims failed for lack of Article III standing. In *Ayala*, the plaintiff filed a motion like this one, asking for remand and a stay in the briefing and consideration of the defendant's motion to dismiss. The court granted the motion and remanded the case. *Ayala*, 2019 U.S. Dist. LEXIS 112879, at *7. In *Ayala*, so far as the opinion shows, Plaintiff did not take a position on whether jurisdiction existed. In *Mocek*, the court indicated that the plaintiff relied solely on the defendant's failure to meet its burden of showing the court's jurisdiction. It stated: "Plaintiff does not dispute that I lack jurisdiction, emphasizing that it is *defendant* who bears the burden of establishing federal jurisdiction. In plaintiff's view, remand is required in view of defendant's affirmative disavowal of jurisdiction." 240 F. Supp.3d at 912 (emphasis in original). In *Mocek*, the court was so offended by the defendant's tactic that it awarded plaintiff its attorneys' fees (in the amount of $58,112.50). *Id.* at 915.

Other courts have ruled similarly, including others in this Circuit. In *Terrell v. Costco Wholesale Corp.*, 2017 U.S. Dist. LEXIS 74567, at *3 (W.D. Wash. May 16, 2017), the court focused on the defendant's burden to establish jurisdiction. It stated: "Costco argues that Mr. Terrell lacks standing and that this court therefore lacks subject matter jurisdiction. Accordingly, the court concludes that Costco has failed to rebut the presumption against federal jurisdiction." *Id*. In *Martinez v. Royal Links Golf Club*, 2019 U.S. Dist. LEXIS 30810 (D. Nev. Feb. 25, 2019), the court likewise remanded the case where, after removal, the defendant argued that the plaintiff lacked Article III standing and the plaintiff took "no position on whether Article III standing exits …." The court stated that because the defendant had not met its burden to establish removal jurisdiction but instead argued that there was no Article III standing, "it appears that this court lacks subject-matter jurisdiction …." *Id.* at *1-2; s*ee also Morgan v. Bank of Am., N.A*., 2020 U.S. Dist. LEXIS 123707, at *5-6 (E.D. Wash. July 14, 2020) ("As the party invoking federal jurisdiction, the burden was on Defendant, not Plaintiff, to prove that all the elements of federal jurisdiction were satisfied upon removal. Defendant's attempt to invoke federal jurisdiction for purposes of removal and then argue for dismissal based on the lack of standing—a fundamental element of this Court's jurisdiction—does not satisfy its burden. Accordingly, the Court finds that

it lacks jurisdiction to consider this case."); *Depot, Inc. v. Caring for Montanans, Inc.*, 2019 U.S. Dist. LEXIS 188311 (D. Mont. Oct. 30, 2019) (same).

Other courts faced with a defendant that reverses course as to the court's subject matter jurisdiction after removal have done the same, including with an award of fees. In *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 838 (N.D. Ill. 2017), the defendant actually *withdrew* its Rule 12(b)(1) motion after filing it following removal. That did not save it. The plaintiff moved to remand, taking no position on whether there was Article III standing. The Court remanded and awarded the plaintiff fees. The court stated: "The Court declines to decide whether there is Article III standing because neither party is willing to address the issue. … The difference between the two parties is that Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction in this Court." *Id.* at 839. In *Zhirovetskiy v. Zayo Grp., LLC*, 2018 U.S. Dist. LEXIS 240602 (N.D. Ill. Mar. 7, 2018), the court went even further. Even though the defendants moved to dismiss under Rule 12(b)(6), not 12(b)(1), their motion argued that the plaintiff hadn't been injured and therefore the court found "that the spirit of their argument is the same as if it had been alleged under 12(b)(1) given the effect that questioning the 'injury-in-fact element' has on federal standing." *Id.* at *3-4. The court remanded because "Defendant's argument about Plaintiff failing to allege a cognizable harm ultimately undermines the position that there is an injury-in-fact that justifies the removal in the first place." *Id.* at *4. As in *Mocek* and *Barnes*, the court awarded the plaintiff fees. *Id.*

Under this authority, the Court must remand this case to the state court where it originated.

## B. **This Court should continue the briefing and decision on the merits for Defendant's motion to dismiss.**

The Court must decide the jurisdictional question presented by this motion before considering the motion to dismiss.[2] As this Court has held, "[s]ince the Motion to Remand presents 'a threshold jurisdictional question,' the Court must 'decide it first,' before addressing

---

[2] As stated in the Notice of this Motion, Plaintiff will be filing a separate Motion pursuant to Local Rule 6-3 seeking an order continuing the briefing and decision on the merits of the Motion to Dismiss.

the Motion to Dismiss." *Garrett v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 57523, at *2 (N.D. Cal. Apr. 24, 2014) (Tigar, J.; quoting *Lowry v. Barnhart*, 329 F.3d 1019, 1022 (9th Cir.2003) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

Thus, it would be a waste of time and resources for there to be further briefing on Defendant's motion to dismiss. Defendant's position on jurisdiction essentially renders the removal void ab initio. There is no need to consider the merits of Defendant's arguments supporting dismissal because this case should have never been removed in the first place. Indeed, for Defendant to seek to burden this Court with substantive briefs concerning standing and other dismissal arguments given that the case never should have been removed is nothing short of inconsiderate. Plaintiff is also aggrieved. She filed the case in state court, and Defendant's wrongful removal has delayed her from proceeding in her chosen and proper forum. Plaintiff also should not have to spend considerable time and money researching and briefing standing and other dismissal arguments raised in the Motion to Dismiss because the removal was wrongful from the outset.

Remand is necessary and appropriate, and briefing, argument and decision on the Motion to Dismiss should be continued until after this Court issues a ruling on this Motion. Such a continuance will conserve the time and resources of this Court and the parties. Accordingly, the Court should continue all briefing and consideration of Defendant's Motion to Dismiss (and vacate the hearing) pending a determination as to Defendant's wrongful removal and the appropriate remand of this case.

### C. **The Court should order Defendant to pay Plaintiff's costs and attorney's fees incurred due to this improper removal.**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Costs and fees may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

That is certainly the case here. Plaintiff has cited several district court decisions from around the country remanding cases under the exact circumstances presented here, and in many

of them – including the earliest one – the courts awarded fees. Defendant should have known its removal was improper and therefore its removal was not objectively reasonable. *See also Morgan*, 2020 U.S. Dist. LEXIS 123707, at *9 (awarding fees to plaintiff for pursuing remand where "Defendant pursued the same avenue as the defendant in *Mocek* did"); *Depot, Inc.*, 2019 U.S. Dist. LEXIS 188311, at *6 ("Judicial economy also favors remand as Defendants' removal followed shortly thereafter by a claim that this Court lacks subject matter jurisdiction is precisely the strategy the Seventh Circuit has previously characterized as a 'dubious strategy . . . [resulting] in a significant waste of federal judicial resources, much of which was avoidable.'") (quoting *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018)). Accordingly, the Court's order of remand should include an award of Plaintiff's attorneys' fees.[3]

## IV. CONCLUSION

For the foregoing reasons, this court should remand this case to the Superior Court of the State of California, County of San Francisco, order that Defendant reimburse Plaintiff for her costs and attorney's fees incurred as a result of this improper removal, and direct Plaintiff within ten days of the Court's decision to submit the items required by Local Rule 54-5(b). Plaintiff further requests that this Court continue further briefing, argument and decision on Defendant's motion to dismiss, until after such time as the Court issues a ruling on the Motion to Remand.

Dated: February 28, 2022            **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By: /s/ Robert M. Partain
   MIKE ARIAS
   ALFREDO TORRIJOS
   ROBERT M. PARTAIN

Attorneys for Plaintiff

Richard S. Cornfeld, (*Pro Hac Vice* forthcoming)
Daniel S. Levy, (*Pro Hac Vice* forthcoming)
**LAW OFFICE OF RICHARD S. CORNFELD,**

---

[3] If the Court determines attorneys' fees are warranted pursuant to 28 U.S.C. § 1447(c), Plaintiff will make a separate motion pursuant to Local Rule 54-5.

**LLC**
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Telephone: (314) 241-5799
Facsimile: (314) 241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

Mark C. Goldenberg, (*Pro Hac Vice* forthcoming)
Thomas P. Rosenfeld (*Pro Hac Vice* forthcoming)
Kevin P. Green (*Pro Hac Vice* forthcoming)
**GOLDENBERG HELLER & ANTOGNOLI, P.C.**
2227 South State Route 157
Edwardsville, Illinois 62025
Telephone: (618) 656-5150
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com